IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Kevin Howard
      Plaintiff

vs

Robert Coupe et al

Civ. A. No ―――――

## Complaint For Declaratory Judgment, Money Damages And Injunctive Relief

## No Jury Trial Demanded

This is a complaint filed by Kevin Howard a State prisoner persuant to Federal Rule of civil Procedure 3, for declaratory Judgment relief, damages and injunctive relief under 28 U.S.C. § 2201, alleging retaliation in violation of the First Amendment to the U.S. Constitution.

## I. Jurisdiction

1. Plaintiff brings this action persuant to 28 U.S.C. § 2201. This Court has Jurisdiction under 28 U.S.C.

1331, and 1343 (a) (3).

2. This Court has Supplemental Jurisdiction Over Plaintiff's state-law tort claims pursuant to 28 U.S.C. § 1367.

3. The Plaintiff Kevin Howard was incarcerated at JTVCC (Vaughn) during the events described in this complaint.

## Parties

4. Robert Coupe was at all times relevant to this action the commissioner of prisons in the State of Delaware. The Defendant was responsible for all operations over the DOC, and Vaughn and was acting under the color of state law. He is being sued in his official capacity.

5. Defendant David Pierce was at all times relevant to this action the Warden of Vaughn and was acting under the color of state law. The Defendant was responsible for overseeing all the daily operations of Vaughn. He is being sued in his official capacity.

6. Defendant Ronald Hosterman was at all times relevant to this action the Treatment Administrator of Vaughn and was acting under the Color of state law. The Defendant was responsible for all education programs, and rehabilitative services at Vaughn. He is being sued in his official and individual Capacity.

7. Defendant Michael Little was at all times relevant to this action the Legal Services Administrator of Vaughn and was acting under the Color of state law. The Defendant is responsible for overseeing the provision of legal services to inmates and the paraprofessional ~~legal~~ services and support to the Department of correction; and for managing the Delaware Correctional Center's inmate Disciplinary Hearing and video Conference functions.

## Facts

8. On or about September 2013 Plaintiff wrote a letter and requested the open Job position in the main law library

9. In a memorandum dated September 24 2013 Defendant Little replied to plaintiff's Job request.

Defendant replied that there are two reasons Defendant Little will not consider Plaintiff for hire. First Plaintiff have not been 1 year without a (rule infraction) write-up. Second, Plaintiff is not currently working, for Defendant Little to hire an inmate in the law library they have to be currently employed or possess the education/experience that would qualify them to be hired immediately. (certificates of completion ECT.)

10. On or about July 9 2015 Plaintiff wrote Defendant Little informing him that plaintiff have attained a certificate of completion as a paralegal for following all the requirements proscribed by the school, therefore, plaintiff is resubmitting for a Job assignment in the law library.

11. On or about September 2015, a Job position in Vaughn's main law library became available.

12. On or about September 2015 plaintiff while in the law library asked staff paralegal Maria Lyon's to vouch for plaintiff to get the open Job position in the law library.

13. As to the Claim made in paragraph 12 Maria Lyon's said Plaintiff need to write Defendant Little, he is doing the hiring and the criteria for the Job position, I'd have to be computer literate, no litigation against DOC, and no disciplinary write-up within one year.

14. On or about 10/27/15 Plaintiff spoke with defendant Little and asked him why plaintiff was not hired for the law library Job this time, plaintiff to Defendant Little that plaintiff had a certificate of completion in paralegal studies, no write-ups within a year, plaintiff had a Job and plaintiff have been in the inmate work pool before the person hired for the law library position.

15. As to the Claim made in paragraph 14, Defendant Little replied that he did not consider plaintiff because of pending litigation against DOC

16. Plaintiff filed a civil Action pertaining to the conditions of confinement in the Court of Chancery No C.A. 10307-VCN which was filed November 3, 2014 and was pending during all of 2015.

17. Plaintiff filed a grievance on or about November 2, 2015 complaining that plaintiff was retaliated against for exercising the First Amendment right to petition the Court for redress.

18. As to the claim made in paragraph 17 plaintiff alleged in that grievance that Defendant Little usurped the authority of the classification committee, when he take on the role of classification Job coordinator in violation of Delaware Code Title 11 § 6530 and Inmate Reference Manual.

## Cause of Action

19. Plaintiff claim that Defendant Little violated plaintiff's First Amendment right to be free from retaliation for the exercise of plaintiff constitutionally protected right to petition the Courts for redress, by refusing to hire plaintiff in the law library because plaintiff had a civil action pending against the D.O.C. in the chancery Court C.A. 10307-VCN.

20. Plaintiff claim although he has no right to a Job or to any particular assignment, Defendant Little cannot punish plaintiff for exercising his First Amendment right, by denying plaintiff the Job assign-

ment in the law library.

21. The Defendant took on adverse action against the plaintiff, When Defendant Little refused to hire plaintiff, and this adverse action was motivated in part because of the protected activity of plaintiff litigating a civil Action on the condition of confinement against the D.O.C in Court.

22. The plaintiff Claim Defendant Little's adverse action caused plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing ⬛ to engage in that activity.

23. Plaintiff Claim Defendant Little's refusal to hire plaintiff subjected plaintiff to a range of disadvantages.

a) Plaintiff was unable to earn good time credits as a result of not receiving a Job assignment.

b) plaintiff was unable to receive a single cell assignment in W-Bldg, because Plaintiff have to be working to receive a single cell.

c) Plaintiff was penalized finacially by not being able to receive compensation from a Job assignment.

d) Plaintiff was not permitted to participate in the Job program to decrease his quality of life points, lower classification points means being housed in a lower

level of security and more privileges.

24. These are consequences that inextricably follow from Defendant Little's retaliatory conduct, of refusing plaintiff the Job in the law library, which would deter a prisoner of ordinary firmness from continuing to engage in the protected conduct of filing civil actions, grievances etc.

25. Defendant Little said he did not consider plaint-iff for the Job in the law library because plaintiff had a pending litigation against D.O.C

26. Defendant Little usurped the authority of the classification committee and made the decision not to assign plaintiff the law library Job, contrary to Del. C. 11 § 6530 which state's in pertinent part: The Classification committee shall determine the persons who shall work and labor and shall assign persons to Jobs, studies and programs accord-ing to their abilities.

27. Plaintiff Claim Respondeat Superior applies to Defendants Robert Coupe David Pierce, Ronald Hosterman in their official capacity.

8 of 11

28. Plaintiff Claim there is a Clear and persistent pattern of non-classification personnel usurping classification functions by determining who shall work and labor and who shall not in Violation of Del. C. 11 § 6530 and Inmate Reference Manual (IRM).

29. Plaintiff claim that the above named Defendants in paragraph 27 have notice or constructive notice of such pattern of custom, policy or usage that violate the written policies of DOC Policy 1135, BOP Policy 4.2 and Del. C. 11 § 6530, and the IRM, a systemic failure to enforce the written policies or the law.

30. Plaintiff claim that the custom or policy or usage of inaction was the moving force or direct causal link behind Retaliation by Defendant Little.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Plaintiff seeks declaratory relief establishing that the acts and omissions described herein violated Plaintiff's rights under the First and Fourteenth Amendment to the U.S. Constitution and under Del. C. 11 § 6530, DOC Policy 1135 and IRM.

B. Plaintiff seek declaratory relief establishing that the Classification Committee alone shall determine who shall work and labor and assign Jobs pursuant to Del. C. 11 § 6530

C. Plaintiff seek declaratory relief establishing that DOC Policy 1135 is to be followed by the Job coordinator for all hirings, Job to Job transfers and terminations from Jobs.

D. Plaintiff seek an order for Defendants to pay compensatory and punitive damages.

E. Plaintiff seek injunctive relief enforcing the relief sought in paragraphs A, B, C, and D and require that all contrary customs, usage or practices of hiring or firing to be null and void.

10 of 11

F. Plaintiff seek Whatever other relief is necessary to correct the wrong described herein.

G. Plaintiff seek to have Warden Dana Metzger, the successor of Defendant David Pierce to carry out any orders of the Court in relation to this action.

Respectfully Submitted

September 31 2017

Kevin Howard
Kevin Howard #148032
1181 Paddock Rd
Smyrna, DE 19977

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that all the herein information is true and correct to the best of Plaintiff knowlege. Executed on September 31 2017.

Kevin Howard
Kevin Howard
1181 Paddock Rd
Smyrna, DE 19977

11 of 11

## Verification of Claim

Plaintiff Kevin Howard verify the facts, claims and allegations made in the attached Complaint For Declaratory Judgment, Money Damages And Injunctive Relief, as being true and correct to the best of his Knowledge, information and belief, and present the Complaint For Declaratory Judgment without malice or unlawful intention This 31 day of September

Dated: October 31 2017

Kevin Howard
Kevin Howard
1181 Paddock Rd
Smyrna DE. 19977

Sworn to and Subscribed before me this 31st day

Of October 2017

Timothy J. Martin
Notary Public
TIMOTHY T. MARTIN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires Upon Office