IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Kevin Howard
    Plaintiff

VS

Robert Coope et al

Civ. No. 17-1548-RGA

## Petitioner's Motion Objecting To Fees In Forma Pauperis Filing, Prisoner's Litigation Reform Act

Comes Now Petitioner Kevin Howard and hereby Objects and charges the requirements for filing fees, In Forma Pauperis 28 U.S.C. § 1915 and Prisoner's Litigation Reform Act, as each constitute on abridgment, obstruction, and direct violation of the fundamental rights and privileges established and declared in the 1ST Amendment Right to Petition, Access to the Court, and Right to defend in the Bill of Rights, and therefore unconstitutional, and for the following reasons:

1. Petitioner argues that he has a fundamental constitutional Right to Redress of Grievance and

1 of 18

Remedy, requires the Court to require no payment of any fees or the disclosure of his financial status; and second, that the determination of poverty or any disclosure of financial status used by the Court to invoke review authority under 28 U.S.C. 1915 is unconstitutional.

The 1ST Amendment of the U.S. Constitution states in part: Congress shall make no law... abridging the right to petition the government for a redress of grievance. And the 14TH Amendment states in pertinent part "All persons born or naturalized in the U.S., and subject to the Jurisdiction thereof, are citizens of the U.S., and the state wherein they reside. No state shall make or enforce any law which shall abridge the privilege or immunities of citizens of the U.S.", .. The emphasis here is that no state shall make or enforce any law which abridges the privileges or immunities of citizens of the U.S.

The U.S. Supreme Court in Bounds v Smith 430 U.S. 817, 97 S. Ct 1491 (1976) held the constitutional right to access to the Courts ... and that indigent prisoners must be allowed to file appeals and civil actions without payment of docket fees. The Supreme Court

emphasized the fundamental importance of civil rights actions in our constitutional scheme because they directly protect our most valued rights. See Wolf v McDonnell 418 U.S. 539, 94 S.Ct 2963 (1974); Johnson v Avery 393 U.S. 483 (1960).

Neither Congress nor the State legislature requires or charges a person a fee to exercise a person's 1st Amendment Right of Free Speech. Neither Congress nor the State Legislature does not require or change a person a fee for the exercise of the 2st Amendment Right to Religion or Right to Free Press or the Right to Assemble. Yet this State government requires a payment of a filing fee or disclosure and declaration of poverty in order to exercise their most essential First Amendment Right: The Right to Redress of ~~Known~~ Grievance / Right of Access to the Court.

The people that are most affected by this requirement, those impoverished and/or incarcerated, are the very people that are most likely subjected to having their fundamental rights violated by the government because they are the most vulnerable and least likely to be able to defend themselves.

Federal Rule of Civil Procedure 3 requires a

payment of a filing fee or to grant the application to proceed informa pauperis. Granting the informa pauperis by the Court then invokes the Court's authority to proceed under 28 U.S.C. § 1915, proceeding informa pauperis, which petitioner asserts is in violation of the 6th Amendment Right to Impartial/unbiased Court as the Court acts as the advocate of the defendant/respondent. This discrimination between persons in poverty and people with financial means and, due process clause of the 14th Amendment as this denies benefits of rules procedures, well settled state and Federal law to the petitioner, contrary to equal protection clause of the 14th Amendment.

The U.S. Supreme Court stated that: "The guarantee of equal protection of the laws in the 14th Amendment undoubtedly intended that all persons should have like access to the Courts of the country for the protection of their person and property." Griffin V Illinois 351 U.S. 12 (1956); Barber V Connolly 113 U.S. 27, (1885). The equality clause in the first section of the 14th Amendment; that which prohibits any state from denying to any person the equal protection of the laws contemplates the protection of persons against unjust discrimination by a state Missouri

4 of 18

v. Lewis (Bowman v. Lewis) 101 U.S. 22 (1880). A State may not discriminate against rights accruing under Federal laws McKenett v. St. Louis & S.F.R. Co. 292 U.S. 230. (1934); Pufahl v. Estate of Parks 299 U.S. 217 (1936); See also Republic Pictures Corp. v. Kappler (CA8 Iowa), 151 F.3d 543, 162 ARZ 228, aff'd per curiam 327 U.S. 757 (1946).

28 U.S.C. § 1915 Proceedings In Forma Pauperis, is specifically derected and applied to those people who are indigent/empoverished and those who are incarcerated that are indigent/empoverished and are treated differently then those who have the financial means to pay Court's feling fees and other cost to prosecute a civil complaint 28 U.S.C. § 1915 Prisoner's Litigation Reform Act.

The provisions of 28 U.S.C. § 1915 state that the Court establishes the amount of fees and cost to be paid, that the Court shall then review the complaint and determine if the complaint is factually frivolous, malicious or upon a Court's fending that the action is legally frivolous. And

service of process shall not issue unless and until the court grants leave following review.

This provision and duty of the court clearly discriminates against those people who are indigent/impoverished and those who are incarcerated that are indigent/impoverished where the court relieves the defendant/respondent of the burden of establishing the complaint as "frivolous."

The U.S. Supreme Court in Coppedge v. U.S. 369 U.S. 319, that the burden to prove frivolity is on the government which is the party making the suggestion of frivolity. Frivolity is a defense/affirmative defense that is to be asserted by a party to the action not the Court.

Federal Rule of Civil Procedure 8 (b) provides that it is the responsibility of a party defendant/respondent to state any defenses. And, Rule 8 (c) provides the responsibility of a party to assert affirmative defenses. Rule 12 is specific to defenses and objections and required it to be made in a responsive pleading or by motion. 28 U.S.C. § 1915 and Prisoner's Litigation Reform Act clearly shifts this burden

from the defendant/respondent to the Court in cases where the complaint is filed by a person who is indigent/impoverished and incarcerated indigent/impoverished.

This is discrimination based on one's financial situation which the constitution prohibits under the equality clause See Missouri 101 U.S. 22; McKnett 292 U.S. 230.

The U.S. Supreme Court in City of Cleburne, Texas v. Cleburne Living Center 473 U.S. 432, 440 held that the equal protection clause of the 14th Amendment commands that no [Government] shall deny to any person within its Jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike Plyler v. Doe 457 U.S. 202, 216 (1982). Section 5 of the 14th Amendment empowers Congress to enforce this mandate, but absent controlling congressional direction, the Courts have themselves devised standards for determining the validity of [government] or other official action that is challenged as denying equal protection. The general rule is that legislation is presumed

to be valed and will be sustained if the Classifi-cation drawn by the statute is rationally related to a legitimate [government] interest. Schwerker V. Wilson 450 U.S. 221, 230 (1981); U.S. RailRoad Ret-irement Board V. Fritz 449 U.S. 166, 174-75 (1980); Vance V. Bradley 440 U.S. 93, 97 (1979); New Orleans V Dukes 427 U.S. 297, 303 (1976).

The issue here to be considered is: What the [government] interest is in discriminating against persons who are in poverty as opposed to those who have a financial means to pay the cost of filing and prosecuting a complaint? The common Knowledge claim by the government/State is to reduce the number of "fruvolous" complaints and is the issue to determine if the statute is rationally related to a legitimate [government] interest.

The [governments] interest in this discriminatory practice is in itself, abitrary and capricious and fundamentally frivilous. First, the Right to Redress of Grievances in the 9st Amendment of the U.S. Const-itutional and Remedy for Injury, are FREE Rights

8 of 18

and therefore, the [government] has no legal cause or standing to consider a person's financial status let alone require the payment of any fees. Oversight by the Courts is due when [Federal/State] laws impinge on personal rights protected by the Constitution. Kramer v Union Free Sch. Dist No. 15, 395 U.S. 621 (1969); Shapiro v. Thompson 394 U.S. 618 (1969); Skinner v Oklahoma ex rel. Williamson 316 U.S. 535 (1942).

Second, the government would assist that because some persons in poverty file frivolous complaints, that all persons in poverty will file frivolous complaints. This is a stereotype classification that is prohibited by the 14th Amendment and such considerations are deemed to reflect prejudice and antipathy — a view that those in the burdened class are not as worthy or deserving as others. Cleburne, 473 U.S. at 447-448.

Third, the government has no legitimate interest in shifting the burden to prove a complaint frivolous from the defendant/respondent to the court. This of course raises the constitutional question of the plaintiff being denied an impartial/unbiased

9 of 18

Fourth, the governments rationalization to select those persons in poverty and those who are incarcerated to this discriminatory practice is clearly questionable to any legitimate concern for the government. Considering that it is a person in poverty and a person incarcerated that is most likely to be subjected to the unconstitutional practices and civil rights violations by the government, and are the least likely able to defend themselves let alone prosecute a complaint.

Under the equal protection clause, a government may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational. Cleburne, 473 U.S. at 447-448. The rationalization by the government to discriminate predicated on the basis of persons financial situation is therefore in violation of the equal protection clause of the 14th Amendment of the U.S. Constitution.

Judicial impartiality is a fundamental principle of the administration of law. The government is entrusted with providing a forum for vindication of rights violated by state or local officials acting under the color of state law. Patsy v. Board of Regents of Fla 457 US 496

10 of 18

506-507 (1982). The due process clause requires a fair Trial in a fair tribunal before a Judge with no 1) actual bias against the [plaintiff or defendant], or 2) interest in the outcome of the particular case. Bracy v. Gromley 520 US 899 (1997). Every procedure which would offer a possible temptation to the average man as a Judge not to hold the balance nice, clear, and true between the parties denies due process of law. RE Murchism 99 LED 942, 349 US 133 (1970).

In the adjudicative context, due process entitles a person to fact finding on a record produced before the decision maker and disclosed to that person. Goldberg v. Kelly 397 US 254, 271 (1970). The case must be Judged solely on the record they have made. Briefs containing facts and inferences drawn there from not presented in the pleadings, cannot be considered as part of the pleadings. Finally, it requires that the decision maker actually considers the evidence and arguments that a party presented. Morgan v U.S. 298 U.S. 468, 481 (1936).

Unquestionably, the decision to deprive one of a constitutionally protected interest must be made

only on the facts of record. Holdberg v. Kelly 397 US 254, 271 (1970). Moreover, due process demands disqualification of a decision maker who has in- alterably determined the outcome of the case before hearing all the facts. King v. Caesar Rodney Sch. Dist. 380 F. Supp. 1112, 1118-19 (D. Del 1974).

The provisions of 28 U.S.C. § 1915 imposes duties upon the Judge to assert defenses/affirmative defenses against those in poverty and those incarcerated in poverty that, by Court Rules, is the duty of the def- endant/respondent. Federal Rule of Civil Procedure 8 requires the defendant/respondent to assert defenses, and affirmative defenses. Rule 8 (c) defines the effect of failure to deny the averments. The effect of a default in answering is to deem admitted all the well pleaded facts in the complaint. Rule 12 (b) establishes defenses and objections by a party in a responsive pleading. This includes personal and subject matter jurisdiction. § 1915 as well denies the due process and provisions of Rule 12 (c) Motion for Judgment on the pleadings and summary Judgment under Rule 56.

The Court does not accept undisputed facts as true: By Court rule 8 the Court is bound to accept, without question, the truth of the plaintiff's undisputed allegations. The initial assessment of an informa pauperis plaintiff's factual allegations must, in order to respect the legislative goal a assuring equality of consideration for all litigants, be weighted in favor of the plaintiff, where § 1915 frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts; although some improbable allegations in an informa pauperis complaint might properly be disposed of under § 1915 simply because a Court finds the plaintiff's allegations unlikely. Denton v. Hernandez 504 US. at 33 (1992).

The Court removes defendant/respondent's burden to prove frivolity etc; The point of equating the test for allowing a pauper's litigation to the test for dismissing paid cases, is to assure equality of consideration of all litigants. The equation is intended to place the burden of proof and persuasion en all cases on the same party—en these cases,

on the defendant/respondent. Since our Constitution and rules make civil complaints a matter of right, the burden of showing that the right has been abused through the prosecution of frivolous litigation should, at all times be on the party making the suggestion of frivolity. Coppedge v. US 369 U.S. 438 (1962). It is not the burden of the petitioner to show that his litigation has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any litigant in a civil case, if he makes a rational argument on the law or facts. It is the burden of the defendant/respondent, in opposing an attempted complaint informa pauperis to show that the litigation is lacking merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the defendant/respondent, had the case been docketed and a record been filed by a litigant able to afford the expense of complying with these requirements. If it were the practice of a court to screen the paid litigation on its docket for frivolity, without hearing oral argument,

14 of 18

reviewing a record of motion practices etc.; or considering the full briefs, pauperis could, of course, be bound by the same rules. But, if the practice of the Court is to defer rulings on motions, to dismiss paid litigation until the Court has the benefit of hearing argument and considering briefs and an adequate record, it must no less accord the poor person the same procedural rights. Coppedge 369 US at 348-349.

The Court impermissible going outside the record: In the adjudicative context, due process entitles a person to fact finding based on a record produced before the decision maker and disclosed to that person. Goldberg v. Kelly 397 US 254, 271 (1970). The case must be Judged solely on the record they have made. Assertions and inferences not present in the pleadings, cannot be considered as part of the pleadings. Unquestionably, the decision to deprive one of a constitutionally protected interest must be made only on the facts in the record.

Article III § 1 of the U.S. Constitution establishes the Courts, and for the compensation of Judges for

their services. The Judges have already been paid and should not be predicated on the basis of any payment, fees, restrictions or punishment.

Article III, § 2 of the U.S. Constitution establishes that Judicial power shall extend to all cases, in law and equity, arising under the Constitution, and is not subject to or predicated on the basis of any payment, fees, restrictions, or punishments.

The U.S. Congress by the President, has appropriated money for the full operation of the Courts, its clerks, staff, and other employees, and therefore to require additional fees constitutes a raising of revenue or tax. Plaintiff being incarcerated in a State prison is denied his 15th Amendment Right to vote in federal elections and therefore is being subjected to taxation without representation.

The requirement of and/or mere threat to require a payment of a fee, or any other restrictions, including acts to effect a prisoner's good time, clearly acts to obstruct, or deny the right of access to the Courts and due process, clearly violates the fundamental basis of the constitution as presented above.

16 of 18

Plaintiff seeks this Court to declare the following and for reasons as stated above:

1. That §1915 Proceedings Informa Pauperis, being based on discrimination of those people who are indigent/impoverished and those who are incarcerated that are indigent/impoverished and are treated differently then those who have financial means to pay court's filing fees and other cost to prosecute a civil complaint, violates the equal protection clause and therefore unconstitutional.

2. That 28 U.S.C. §1915 which shifts the burden from the defendant/respondent to the court to determine frivolity of litigation, establishing the court as advocate of the defendant/respondent, predicated on a persons financial status, violates equal protection clause and therefore unconstitutional.

3. That Plaintiff has the Right of Remedy, and Redress of Grievance/Access to the court under First Amendment to the U.S. Constitution, without the payment of filing fees, and/or disclosure of poverty status and/or financial means.

17 of 18

4. That the Court, which has no cause, reason, or Justification to consider a person's poverty or financial status, has no discretionary review authority under 28 U.S.C. § 1915 which is predicated on one's poverty and/or financial status.

Wherefore the Plaintiff respectfully request this Court to Grant the Relief Requested and for the facts and law presented above.

12/6/17

Kevin Howard
Kevin Howard
1181 Paddock Rd
Smyrna, DE 19977

18 of 18

JAMES T. VAUGHN CORRECTIONAL CENTER
INMATE REQUEST FOR CERTIFIED TRUST FUND
ACCOUNT STATEMENT OF PRIOR SIX-MONTH PERIOD


TO:   Mrs. Tonya Smith                              DATE: _11-6_, _17_
      Support Services Manager
      James T. Vaughn Correctional Center
      Smyrna, Delaware  19977


FROM: ✓ _Kevin Howard_                              _00 148032_
        Inmate Name   (Please Print Name)              SBI #


--- I HEREBY CERTIFY ---


     Pursuant to the Prison Litigation Reform Act, 28 U.S.C. 1915 (a)(2),
Effective April 26, 1996, I am requesting a certified Statement of my Institution Trust
Fund Account for the previous six-month period.  Please forward same to me.



✓ _Kevin Howard_
        Signature

(28 U.S.C. 1746 and 18 U.S.C. 1621)                 **RECEIVED**

                                                    NOV 0 7 2017

                                                    JTVCC SUPPORT SERVICES

# JAMES T VAUGHN CORRECTIONAL CENTER
## SUPPORT SERVICES OFFICE
### MEMORANDUM

TO: _Kevin Howard_  SBI #: _00148032_

FROM:  JTVCC Support Services/Business Office- Inmate Accounts

RE:  **6 month / Average Daily Balance Statement**

DATE: _11-07-17_

Attached are copies of your inmate account statements for the months of

_05-01-2017_ to _10-31-2017_

**Average daily balance/ 6 months:** $25.79

### Department of Correction Certified Statement

I hereby certify that the appellant named herein has the sum of $ _0.10_ on account to the appellant's credit at the institution where the appellant is confined. I further certify that the appellant has the following securities to the appellant's credit according to the institution's records: ___N/A___ .

_Diane H. M^cNair_ 11/07/17
Designee/Date

_Carol Powell_ 11/7/17
Notary/Date

CAROL M. POWELL
MY COMMISSION EXPIRES
NOTARY
PUBLIC
UPON OFFICE
STATE OF DELAWARE

Attachments
Cc: File

# Delaware Department of Correction

## Inmate Account Statement

**Location:** JTVCC
**Period From:** 05/01/2017 **To** 11/07/2017

**Account # :** 00148032          **Name:** HOWARD KEVIN J          **Current Housing:** Bldg W1 Tier J

**As of 05/01/2017 Opening Balance:** $23.00    **As of 05/01/2017 Opening Available Balance*:** $23.00

| Transaction# | Transaction Date | Transaction Description | Check# / Money Order# | Debit | Credit | Hold Amount | Available Balance | Memo, From/To |
|---|---|---|---|---|---|---|---|---|
| 1218447 | 05/01/2017 | Commissary | 136128 | $23.00 | | $0.00 | $0.00 | JTVCC Commissary |
| 1228767 | 05/09/2017 | Wages-Institution | | | $49.91 | $0.00 | $49.91 | WAGES4/1-4/30/17 |
| 1229264 | 05/09/2017 | Pay-To | 136208 | $18.00 | | $0.00 | $31.91 | ERHBC |
| 1234516 | 05/15/2017 | Commissary | 136720 | $21.23 | | $0.00 | $10.68 | JTVCC Commissary |
| 1246878 | 05/26/2017 | Commissary | 137159 | $4.43 | | $0.00 | $6.25 | JTVCC Commissary |
| 1248865 | 05/30/2017 | Pay-To | 137131 | $5.00 | | $0.00 | $1.25 | WILMINGTON LIBRARY |
| 1249366 | 05/31/2017 | Mail Money Order | 2626654 | | $18.00 | $0.00 | $19.25 | ERHBC |
| 1261795 | 06/09/2017 | Commissary | 137682 | $19.01 | | $0.00 | $0.24 | JTVCC Commissary |
| 1262279 | 06/09/2017 | Wages-Institution | | | $49.91 | $0.00 | $50.15 | W BLDG WAGES 05/17 |
| 1267474 | 06/14/2017 | Pay-To | 137644 | $5.00 | | $0.00 | $45.15 | WILMINGTON LIBRARY |
| 1279444 | 06/26/2017 | Visit Money Order | 17-591054938 | | $30.00 | $0.00 | $75.15 | JACKSON THEO |
| 1280990 | 06/27/2017 | Commissary | 138182 | $43.18 | | $0.00 | $31.97 | JTVCC Commissary |
| 1307671 | 07/10/2017 | Commissary | 138600 | $31.74 | | $0.00 | $0.23 | JTVCC Commissary |
| 1308295 | 07/10/2017 | Wages-Institution | | | $47.74 | $0.00 | $47.97 | W UNIT JUNE 17 |
| 1310713 | 07/12/2017 | Picture Project | 138443 | $6.00 | | $0.00 | $41.97 | JTVCC Commissary |
| 1316872 | 07/17/2017 | Commissary | 138791 | $22.85 | | $0.00 | $19.12 | JTVCC Commissary |
| 1324692 | 07/24/2017 | Commissary | 138988 | $9.81 | | $0.00 | $9.31 | JTVCC Commissary |
| 1339842 | 08/04/2017 | Commissary | 139377 | $3.76 | | $0.00 | $5.55 | JTVCC Commissary |
| 1343517 | 08/08/2017 | Wages-Institution | | | $30.69 | $0.00 | $36.24 | JAN ADMIN/W UNIT JULY 2017 |
| 1351356 | 08/15/2017 | Commissary | 139593 | $35.57 | | $0.00 | $0.67 | JTVCC Commissary |
| 1355607 | 08/18/2017 | Wages-Institution | | | $11.16 | $0.00 | $11.83 | W CORRECTIONS 7/17 |
| 1366287 | 08/28/2017 | Commissary | 139943 | $11.60 | | $0.00 | $0.23 | JTVCC Commissary |
| 1378471 | 09/07/2017 | Wages-Institution | | | $43.25 | $0.00 | $43.48 | W UNIT- AUGUST 2017 |
| 1381502 | 09/11/2017 | Visit Cash(GTL) | | | $78.00 | $0.00 | $121.48 | JACKSON THEODORE |
| 1390970 | 09/18/2017 | Commissary | 140528 | $76.79 | | $0.00 | $44.69 | JTVCC Commissary |
| 1408383 | 10/03/2017 | Commissary | 140873 | $34.95 | | $0.00 | $9.74 | JTVCC Commissary |
| 1410288 | 10/04/2017 | Pay-To | 140797 | $5.00 | | $0.00 | $4.74 | DEXSTA FCU |
| 1416487 | 10/10/2017 | Wages-Institution | | | $41.85 | $0.00 | $46.59 | W BLDG- SEPTEMBER 2017 |
| 1423731 | 10/16/2017 | Commissary | 141247 | $46.49 | | $0.00 | $0.10 | JTVCC Commissary |

**Total:** $423.41    $400.51

**As of 11/07/2017 Current Balance:** $0.10    **Available Balance*:** $0.10

Page: 1 Of 2

* Available balance may not match with Current balance if there are outstanding transactions that have not been posted.

Run Date: 11/07/2017 01:36 PM

# Delaware Department of Correction
## Inmate Account Statement

Location: JTVCC

Period From: 05/01/2017   To  11/07/2017

Account # : 00148032

| Transaction# | Transaction Date | Transaction Description | Check# / Money Order# | Debit | Credit | Hold Amount | Available Balance | Memo, From/To |
|---|---|---|---|---|---|---|---|---|
| Total Amount on Hold As of 11/07/2017: | Facility | Medical Copay | Legal | Restitution | Indigent | Room and Board | Others | Court Fees |
| | JTVCC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Page:   2   Of   2

* Available balance may not match with Current balance if there are outstanding transactions that have not been posted.

# Delaware Department of Correction
## Pauper Report

Period From : 05/01/2017   To : 10/31/2017

Account #: 00148032          Name: HOWARD KEVIN J          Avg. Balance: $25.79

| Date | Daily Balance |
|---|---|
| 05/01/2017 | $.00 |
| 05/02/2017 | $.00 |
| 05/03/2017 | $.00 |
| 05/04/2017 | $.00 |
| 05/05/2017 | $.00 |
| 05/06/2017 | $.00 |
| 05/07/2017 | $.00 |
| 05/08/2017 | $.00 |
| 05/09/2017 | $31.91 |
| 05/10/2017 | $31.91 |
| 05/11/2017 | $31.91 |
| 05/12/2017 | $31.91 |
| 05/13/2017 | $31.91 |
| 05/14/2017 | $31.91 |
| 05/15/2017 | $10.68 |
| 05/16/2017 | $10.68 |
| 05/17/2017 | $10.68 |
| 05/18/2017 | $10.68 |
| 05/19/2017 | $10.68 |
| 05/20/2017 | $10.68 |
| 05/21/2017 | $10.68 |
| 05/22/2017 | $10.68 |
| 05/23/2017 | $10.68 |
| 05/24/2017 | $10.68 |
| 05/25/2017 | $10.68 |
| 05/26/2017 | $6.25 |
| 05/27/2017 | $6.25 |
| 05/28/2017 | $6.25 |
| 05/29/2017 | $6.25 |
| 05/30/2017 | $1.25 |
| 05/31/2017 | $19.25 |
| 06/01/2017 | $19.25 |
| 06/02/2017 | $19.25 |
| 06/03/2017 | $19.25 |
| 06/04/2017 | $19.25 |
| 06/05/2017 | $19.25 |
| 06/06/2017 | $19.25 |
| 06/07/2017 | $19.25 |
| 06/08/2017 | $19.25 |
| 06/09/2017 | $50.15 |
| 06/10/2017 | $50.15 |
| 06/11/2017 | $50.15 |

1    Of    5