IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN HOWARD,

    Plaintiff,

v. : Civil Action No. 17-1548-RGA

ROBERT COUPE, et al.,

    Defendants.

---

Kevin Howard, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Carla Anne Kingery Jarosz, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Robert Coupe, David Pierce, Ronald Hosterman, Michael Little, Perry Phelps, Dana Metzger, and Jim Simms.

**MEMORANDUM OPINION**

July 10, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Kevin Howard, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware commenced this action pursuant to 42 U.S.C. § 1983. (D.I. 2). He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4, 9). Before the Court is a motion to dismiss the Amended Complaint filed by Defendants Robert Coupe, Ronald Hosterman, Dana Metzger, Perry Phelps, David Pierce, and Jim Simms (collectively "Defendants"), Plaintiff's request for counsel, and Plaintiff's motion for leave to file a second amended complaint. (D.I. 23, 25, 30). Briefing is complete.

## BACKGROUND

The Amended Complaint (D.I. 22) contains two counts. Count I is raised against legal services administrator Michael Little and alleges retaliation.[1] (*Id.* at ¶¶ 28-43). Count II alleges "municipal liability" against former JTVCC Warden David Pierce, former JTVCC treatment administrator Ronald Hosterman, and former Delaware Department of Correction Commissioner Robert Coupe. (*Id.* at ¶¶ 44-46, 49-53, 57-61). With the exception of Defendant "New Castle County, the Municipality of Vaughn," described as being sued under municipal liability, all individual defendants are sued in their individual and official capacities. (*Id.* at ¶¶ 6-13).

The Amended Complaint alleges that In February 2013, Plaintiff complained to Hosterman that he was not being assigned jobs and, even though the hiring and firing of inmates is a classification function, correctional offices were performing those functions.

---

[1] Little answered the Amended Complaint and did not join in the pending motion to dismiss. (D.I. 27).

(*Id.* at ¶ 24). During a February 18, 2013 classification hearing, Plaintiff asked Lt. Richard Porter to recommend Plaintiff's requests for classification to a commissary job or the law library, and Porter replied, "they don't do that anymore." (*Id.* at ¶ 25).

Plaintiff wrote to Little in September 2013 and requested a job in the JTVCC law library. (*Id.* at ¶ 15). On September 24, 2013, Little responded that, at the time, he would not consider hiring Plaintiff, and, for consideration of prison employment, Plaintiff must be infraction-free for one year and either have current employment or possess the requisite education or experience to be hired immediately. (*Id.* at ¶ 16).

On April 25, 2014, Plaintiff spoke to Deputy Warden Parker[2] and complained of discrimination and retaliation because he had not received a job assignment. (*Id.* at ¶ 26). Parker instructed Plaintiff to write him a letter. Plaintiff wrote to Parker twice, but received no response. (*Id.*).

On July 18, 2014, Howard spoke with Warden Pierce about retaliation, discrimination because he was overlooked for a job, and the hiring process of inmates by correctional officers and not by classification. (*Id.* at ¶ 27). Plaintiff alleges that Pierce responded that he would not force a supervisor to give him a job and instructed Plaintiff to speak to the head person on the job site where Plaintiff wished to work. *Id.*

On November 3, 2014, Plaintiff, along with other inmates, filed an action in the Court of Chancery in and for New Castle County, Delaware, against Coupe, Phelps, and Pierce, C.A. No. 10307-VCN. (*Id.* at ¶ 22); *see Hall v. Coupe*, 2016 WL 3094406 (Del. Ch. May 25, 2016).

---

[2] Parker is not a named defendant.

2

Plaintiff wrote to Little on July 9, 2015, and advised Little that he had obtained a certificate of completion as a paralegal and was resubmitting his name for a job in the law library. (*Id.* at ¶ 17). In September 2015, Plaintiff spoke to paralegal Maria Lyons about a position that had become available at the JTVCC law library, and she told Plaintiff the criteria for employment in the law library was the inmate: (1) must be computer literate; (2) have filed no litigation against the DOC; and (3) had no disciplinary write-ups within one year. (*Id.* at ¶¶ 18, 19).

On October 27, 2015, Plaintiff asked Little why he was not hired for the law library job and was told that he was not considered because of his pending litigation against the DOC. (*Id.* at ¶¶ 20, 21). Plaintiff submitted a grievance on November 2, 2015, and alleged that Little had retaliated when he did not employ him in the law library because Plaintiff had filed suit against the DOC. (*Id.* at ¶ 23). On May 24, 2016, the Chancery Court dismissed the lawsuit filed by Plaintiff and other inmates. *See Hall v. Coupe*, 2016 WL 3094406 at *1.

Plaintiff alleges that Pierce: (1) had actual or constructive knowledge of non-classification personnel hiring and firing inmates and acquiesced in the complained of conduct as evidenced by his July 18, 2014 response to Plaintiff; (2) had full knowledge of the statutory requirements regarding the classification of inmates and the inmate classification board and condoned the practice of correctional officers and employees hiring and firing inmates; (3) had actual or constructive knowledge of the practice of non-classification personnel hiring and firing inmates; and (4) allowed the custom to continue, which resulted in retaliation by Little. (D.I. 22 at ¶¶ 44-49).

3

Plaintiff alleges that Hosterman: (1) had actual or constructive knowledge of non-classification personnel hiring and firing inmates as evidenced by a May 1992 memo coupled with Plaintiff's complaint to him more than twenty years later, in February 2013; (2) had full knowledge of the statutory requirements regarding the classification of inmates and the inmate classification board and condoned the practice of correctional officers and employees hiring and firing inmates; (3) allowed the custom to continue, despite complaints, and did nothing; (4) had a duty to comply with state law; and (5) allowed the custom to continue, which resulted in retaliation by Little. (D.I. 22 at ¶¶ 50-55).

Plaintiff alleges that Coupe: (1) had actual or constructive knowledge of non-classification personnel hiring and firing inmates from a complaint Plaintiff sent to Coupe on April 7, 2015 describing discrimination in work programs; and (2) did nothing to end the practices after Plaintiff outlined a pattern or custom of non-classification employees hiring and firing inmates. (*Id.* at ¶¶ 58-61).

Plaintiff commenced this action on October 31, 2017. He seeks compensatory damages as well as declaratory and injunctive relief. (*Id.* at 2).

Defendants move to dismiss pursuant to Rule 12(b)(6) on the grounds that: (1) the Amended Complaint fails to state a claim for retaliation; (2) the claims against Coupe, Pierce, and Hosterman are barred by the doctrine of sovereign immunity; (3) the claims for injunctive and declaratory relief fail as there are no allegations of an immediate threat of harm; (4) the Amended Complaint fails to allege Defendants' personal involvement in the alleged wrongs committed against Plaintiff;

(5) the claims are time-barred; and (6) Defendants are protected from suit by reason of qualified immunity. (D.I. 26). Plaintiff did not file an opposition to the motion to dismiss. Instead, he filed a motion for leave to file a second amended complaint. (D.I. 30).

In addition to ruling on the pending motions, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), which allow the Court to dismiss a case at any time if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

## MOTION TO DISMISS

**Legal Standards**. In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Retaliation**. Plaintiff alleges the failure of Little to hire him for a job in the JTVCC law library is retaliation because he filed a lawsuit against Coupe, Phelps and Pierce. Defendants move to dismiss the retaliation claims against them.

A prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied. *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000). "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the

6

First Amendment bars retaliation for protected speech. See *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998).

Proof of a retaliation claim requires Plaintiff to demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Allah v. Seiverling*, 229 F.3d at 225 (retaliatory placement in administrative confinement could "deter a person of ordinary firmness from exercising his First Amendment rights").

The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001). When analyzing a retaliation claim, courts consider that the task of prison administrators and staff is difficult, and that the decisions of prison officials require deference, particularly where prison security is concerned. *Id.*

As alleged, Plaintiff engaged in protective speech when he filed the November 3, 2014 lawsuit and, therefore, the Amended Complaint alleges the first element of a

7

retaliation claim. The allegations in the Amended Complaint, however, do not satisfy the second and third prongs of the prima facie test.

There are no allegations that any Defendant, other than Little, were personally involved in the decision to not hire Plaintiff in the JTVCC law library. In addition, with regard to moving Defendants, the Amended Complaint does not adequately allege causation. The Amended Complaint refers to complaints made by Plaintiff to Hosterman and Pierce complaining of the prison hiring process. However, the conversations occurred prior to the time Plaintiff filed the lawsuit in Chancery Court and do not support the causation prong. In addition, there are no specific allegations directed towards Coupe, Phelps, Metzger, and Simms to support a retaliation claim. Therefore, the Court will grant Defendants' motion to dismiss this claim.

**Prison Employment**. To the extent Plaintiff raises a claim because he has not been hired for a prison job, the claim fails. Prisoners have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989); *see also Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job).

The claim will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Sovereign Immunity**. Defendants move to dismiss the claims raised against them in their official capacities that seek compensatory damages. In addition, the Court raises the issue of immunity as it relates to a defendant Plaintiff calls "New Castle County, the Municipality of Vaughn."

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. Defendant's motion to dismiss the claims seeking compensatory damages against Defendants in their official capacities will be granted.

With regard to Defendant "New Castle County, the Municipality of Vaughn," the Court observes that the municipality of Vaughn, Delaware does not exist in New Castle County or anywhere in the State of Delaware. This Defendant appears to refer to the JTVCC, a prison in Smyrna, Delaware. It seems that Defendant has renamed the JTVCC in an attempt to raise claims under a theory of municipal liability. However, the JTVCC is not a municipality. It falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware.

As discussed, the Eleventh Amendment of the United States Constitution protects an unconsenting state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. Thus, the claim must be dismissed. In addition, dismissal is proper because the JTVCC is not a person for purposes of § 1983.

9

See *Will v. Michigan Dep't of State Police*, 491 U.S. at 71; *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Court will dismiss the claims against "New Castle County, the Municipality of Vaughn," more properly called the JTVCC, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2), as it is immune from suit.

**Injunctive and Declaratory Relief**. Defendants, in their official capacities, move for dismissal of Plaintiff's requests for injunctive and declaratory relief on the grounds that the Amended Complaint fails to allege injury or threat of injury that is both real and immediate.

At the pleading stage, a complaint need only contain "general factual allegations of injury resulting from the defendant's conduct . . . for on a motion to dismiss [courts] 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). In addition, a plaintiff seeking injunctive relief must demonstrate a "real and immediate threat of future injury by the defendant." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983).

"[A] plaintiff seeking injunctive relief must demonstrate a likelihood of future harm" in order to satisfy the constitutional requirement of standing. *McNair v. Synapse Group Inc.*, 672 F.3d 213, 225 (3d Cir. 2012). Past injuries sufficient to confer standing for monetary relief are not necessarily sufficient to confer standing for injunctive and declaratory relief. *Id*. Rather, Plaintiff must demonstrate a "real or immediate threat that the plaintiff will be wronged again." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 301 (3d Cir. 2012).

Plaintiff lacks standing to pursue declaratory and injunctive relief, because the Amended Complaint does not adequately allege "a real and immediate threat of future injury." Plaintiff's past injury occurred in October 2015, approximate two years before he commenced this action. He seeks relief to change the hiring practices at the JTVCC. However, as discussed above, Plaintiff has no constitutional right to prison employment. Indeed, "the classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of the prison administrators." *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978). Thus, Plaintiff alleges nothing that would suggest a real or immediate threat of harm to Plaintiff, and Plaintiff cannot do so because there is no cause of action based on the harm he is alleging. Plaintiff lacks standing to bring claims for injunctive and declaratory relief. Therefore, the Court will grant Defendants' motion to dismiss as to this issue.

**Personal Involvement**. Defendants move to dismiss the claims against them for failure to allege their timely personal involvement. Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003)). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011). The allegations must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d

11

at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Further, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201-02 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *See C.H. ex rel. Z.H.*, 226 F.3d at 202.

While the Amended Complaint contains allegations directed towards Hosterman, Pierce, and Coupe, the challenged conduct occurred in February 2013, July 2014, and April 2015, and all suit based on that conduct is barred by the applicable two-year limitations period. For purposes of the statute of limitations, §1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Plaintiff did not commence this lawsuit until October 31, 2017, which is about six months too late.

The Amended Complaint does not contain specific allegations with respect to Simms, Metzger, and Phelps.

Therefore, the Court will grant the motion to dismiss the claims against Defendants for lack of personal involvement.

**State Law, Policies and Procedures**. Finally, the allegations that Defendants did not follow state law or prison policies and procedures in the hiring and firing of

12

inmates, and in particular that hiring must be done through inmate classification and not by correctional officers, do not provide a basis for liability under § 1983.

"To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). State regulations, such as DOC and JTVCC policies, do not give rise to a liberty interest. *See Rambert v. Beard*, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) (citing cases). In addition, "[a]n alleged violation of state law . . . does not state a claim under section 1983." *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992).

Here, the DOC and JTVCC policies and procedures, as well as Delaware statutes, are neither provisions in the United States Constitution nor federal law. Defendants' alleged failure to follow the prescribed process for the hiring and firing of inmates as provided under DOC and JTVCC policies and procedures and Delaware law is not itself a violation subject to § 1983.

Therefore, the claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## MOTION FOR LEAVE TO AMEND

In lieu of an opposition to Defendants' motion to dismiss, Plaintiff filed a motion for leave to file a second amended complaint in an attempt to cure his pleading defects.

(D.I. 30). Plaintiff provided the Court with a copy of his proposed second amended complaint. Defendants oppose amendment as futile. (D.I. 31).

Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." The Third Circuit has adopted a generous approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015).

The Court has reviewed Plaintiff's proposed second amended complaint. Plaintiff cured certain pleading defects such as eliminating defendants who lacked personal involvement (that is, Phelps, Metzger, and Simms). However other than Little, the

proposed second amended complaint does not state claims against the remaining defendants despite the additional verbiage. In light of the foregoing, the Court finds amendment futile. Therefore, Plaintiff's motion for leave to amend (D.I. 30) will be denied.

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he is unable to afford counsel, his ability to investigate is difficult due to his imprisonment, the case requires extensive discovery, the facts will be strongly disputed, cross-examination at trial will be necessary, the issues are complex, his imprisonment greatly limits his ability to litigate the case, he has inadequate law library access, he is untrained in the law,[3] his claim has merit, and he has made unsuccessful efforts to obtain counsel. (D.I. 23).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in

---

[3] This assertion (D.I. 31 at "4 of 6") is at odds with the Amended Complaint's allegation that Plaintiff has a paralegal certificate. (D.I. 22 at ¶ 17).

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

15

deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's Amended Complaint, the Court concludes that the case (now narrowed down considerably to one issue against one defendant) is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for counsel (D.I. 23) without prejudice to renew; (2) grant Defendants' motion to dismiss[5] (D.I. 25); (3)

---

[5] The Court sees no need address the issue of qualified immunity given dismissal is appropriate on other grounds.

16

deny Plaintiff's motion for leave to amend (D.I. 30) as futile; and (4) *sua sponte* dismiss New Castle County the Municipality of Vaughn as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). The case proceeds against Michael Little on Count I of the Amended Complaint. (D.I. 22).

An appropriate order will be entered.