IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEVIN HOWARD,     :
    :
      Plaintiff,     :
    :
      v.     : Civ. Action No. 17-1548-RGA
    :
MICHAEL LITTLE,     :
    :
      Defendant.     :

## MEMORANDUM ORDER

At Wilmington this _____ day of February, 2020, having considered Plaintiff's

motion for an order to obtain the location of witnesses and motion for Defendant to

supplement discovery responses (D.I. 47; D.I. 49),

IT IS ORDERED as follows:

1.     **Motion for Order to Obtain Location of Persons with Discoverable**

**Information**. The motion (D.I. 47) is **denied**. Plaintiff asks the Court to order counsel

for Defendant to provide Plaintiff with the location (presumably addresses) of former

inmates Isreal Lee, Fred DeJohn, Joe Hermes, and John Folks, as well as former law

library paralegal Maria Lyons. Plaintiff advises that he is unable to locate the

individuals due to his incarcerated status and that Department of Correction policy

prohibits his contact with them. (*Id.*).

2.     Prison administrators are accorded wide-ranging deference in the

adoption and execution of policies and practices that are needed to preserve internal

order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

Here, Plaintiff attempts to use the Court as a means to side-step prison administration

security measures. Plaintiff provides no basis for why he wants to locate these people.

1

3.    **Motion for Defendant to Supplement Answers to Interrogatories**. The motion (D.I. 49) is **granted in part** and **denied in part**. Plaintiff asks the Court to order Defendant to supplement his discovery responses.   In essence, he moves to compel answers provided by Defendant.   Defendant opposes.   (D.I. 52).   Pursuant to Fed. R. Civ. P. 26, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."   Fed. R. Civ. P. 26(b)(1).   Plaintiff seeks review of Defendant's answers to interrogatories nos. 3, 4, 10, 11, 12, 17, 18, and 21. (D.I. 49).

4.    The Court has reviewed Defendant's answers. (D.I. 35).   Interrogatory 3 was answered, and Interrogatory 4 depended on a different answer than the one Defendant gave to Interrogatory 3.   Defendant answered Interrogatories 10 and 11. Defendant answered Interrogatories 12 and 17.   He did not answer Interrogatory 18. The answer to Interrogatory 21 is not really responsive.   Defendant adequately answered all challenged interrogatories other than 18 and 21.   Defendant is **ordered** to supplement the answers to Interrogatories 18 and 21 on or before March $\underline{5}$ , 2020. Of course, Rule 26(e) imposes a continuing obligation on Defendant to supplement his discovery responses "in a timely manner" if it learns additional or corrective information through the discovery process.   See Fed. R. Civ. P. 26(e)(1).

UNITED STATES DISTRICT JUDGE