IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KEVIN HOWARD,<br><br>        Plaintiff,<br><br>      v.<br><br>MICHAEL LITTLE,<br><br>        Defendant. | Civil Action No. 17-1548-RGA |

**MEMORANDUM ORDER**

    Discovery closed March 3, 2020 (D.I. 46), nearly a year and a half ago. Subsequently, I denied in part Defendant's summary judgment motion. (D.I. 76 & 77). On June 6, 2021, I set the case for a bench trial at the end of October 2021. (D.I. 87). Two days later, Plaintiff requested appointment of counsel, primarily so that he could effectively be represented at trial. (D.I. 88). I granted the request, "specifically for the purposes of presenting the case for trial on October 25, 2021." (D.I. 89).

    Counsel has now requested reopening discovery and postponing the trial. (D.I. 93). The request is denied. It is really untimely, and it would disrupt the schedule. I do not think there is good cause. Yes, I am sure counsel could do a better job at discovery than Mr. Howard did *pro se*. But Mr. Howard did an adequate job, and sought extensive discovery. Simply because counsel could do a better job is not good cause.

    I think counsel can fairly try the case based on the discovery already provided. What he really needs help on is the trial presentation.

Thus, Plaintiff's Motion to Compel and [to] Set a New Scheduling Order (D.I. 93) is **DENIED**.[1] Defendant's corresponding Motion for Protective Order (D.I. 92) is **GRANTED**.

IT IS SO ORDERED this 31 day of August 2021.

_____
United States District Judge

---

[1] I make one exception. While I am not entirely sure whether the "Jerks List" is relevant or not, I cannot imagine why it and related testimony is confidential. In any event, as requested (D.I. 93), counsel may use the documents produced in *Cropper v. Danberg*, and relevant portions of depositions taken in that case as if they had occurred in this case. I tentatively accord the documents the same status they had in the *Cropper* litigation, but unless Defendant's counsel can explain within one week why the information should be subject to any confidentiality restriction, the restriction will be lifted.